UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN A. MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| FEDEX NATIONAL LTL, INC., and FEDEX FREIGHT EAST, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action under the Family and Medical Leave Act of 1993 ("FMLA") and the Employee Retirement Income Security Act of 1974 ("ERISA") to correct and remedy unlawful practices in violation of those laws and to make whole Plaintiff Susan A. Murphy. As more fully set forth below, Defendants FedEx National LTL, Inc., and FedEx Freight East, Inc. ("collectively, FedEx"), violated the FMLA by discharging Mrs. Murphy because she was on leave under the FMLA and had requested additional such leave, and Defendants violated ERISA by denying her full payment of the life insurance benefits that she and her husband had through their employment with FedEx.

### JURISDICTION AND VENUE

2. This court has jurisdiction over the claims asserted here pursuant to 28 U.S.C. §§ 1331 and 1343. This court also has jurisdiction over the FMLA claims pursuant to 29 U.S.C. § 2617(a)(2)(A) and over the ERISA claims pursuant to 29 U.S.C. § 1132(a)(1)(B) and 1132(e)(1).

3. The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

4. Plaintiff Susan A. Murphy is a female citizen of the United States and a resident of Warrenton, Missouri.

5. At all relevant times as to the FMLA claims, Plaintiff was an eligible employee within the meaning of Section 101(2)(A) of the FMLA, 29 U.S.C. § 2611(2)(A), as she worked for at least 12 months and for at least 1,250 hours of service during the 12 months prior to the FMLA requests she made to Watkins Motor Lines ("Watkins") and its successor in interest, FedEx.

6. At all relevant times as to the ERISA claims, Plaintiff and her husband, Paul G. Murphy, were participants and beneficiaries under the FedEx employee benefit plan for life insurance benefits.

7. Defendant FedEx National LTL, Inc., is a Delaware corporation doing business in the state of Missouri.

8. Defendant FedEx Freight East, Inc., is an Arkansas corporation doing business in the state of Missouri.

9. Under Section 101(4)(A)(ii)(II) of the FMLA, 29 U.S.C. § 2611(4)(A)(ii)(II), FedEx was a successor in interest of Watkins.

10. FedEx is an employer within the meaning of Section 101(4)(a)(I)

of the FMLA, 29 U.S.C. § 2611(4)(A)(I), as it is engaged in an industry affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

11. FedEx is the plan administrator of the plan for life insurance benefits for employees of FedEx. The life insurance benefits are part of an employee benefit plan pursuant to ERISA, 29 U.S.C. § 1002(3).

## FACTUAL ALLEGATIONS

12. Plaintiff Susan A. Murphy and her husband, Paul G. Murphy, were team drivers for Watkins Motor Lines ("Watkins") from about 1998 until they became employees of FedEx on September 5, 2006, when FedEx completed its purchase of Watkins.

13. In the first week of August 2006, because FedEx was acquiring Watkins, Mr. and Mrs. Murphy and all other drivers had to apply to FedEx. When Mr. and Mrs. Murphy submitted their applications and took their drug tests as required during the first week in August 2006, they were told they would be hired unless they received a letter stating otherwise. Mrs. Murphy knows of two employees who received such a letter at that time.

14. Those employees who were hired, such as the Murphys, were given FedEx benefit enrollment packages on August 14, 2006, to be turned in by August 18, 2006. Mrs. Murphy hand-delivered their completed benefit packages to the Kansas City terminal on August 17, 2006. Mr. and Mrs. Murphy each increased their supplemental life insurance coverage from $80,000 to $200,000 for employee coverage and from $40,000 to $100,000 for spouse coverage.

15. Due to an illness, Mr. Murphy's last day of work was on August 15, 2006. On August 19, 2006, he was hospitalized and it was discovered that he had a heart attack and a staff infection. On or about August 28, 2006, Mrs. Murphy requested FMLA leave from their

supervisor, Jeff Karnes. He said, "Not a problem." Throughout the hospitalization of Mr. Murphy, Mrs. Murphy advised Mr. Karnes of her husband's condition and how much longer she needed to be off.

16. On August 31, 2006, Watkins sent Mrs. Murphy its FMLA notice stating that her leave had started on or about August 18, 2006, and that she expected to return on or about October 18, 2006.

17. On September 5, 2006, FedEx completed its purchase of Watkins. As of that date, Mr. and Mrs. Murphy were employees of FedEx, and their FedEx supervisor was Karnes.

18. On or about September 5, 2006, Mrs. Murphy asked Mr. Karnes about short-term disability for her husband. Mr. Karnes said that they might need to reapply to FedEx when they came off leave, although he did not think that would be necessary because they had already done all their paperwork and had been hired by FedEx.

19. On September 7, 2006, Mr. Murphy was to go home from the hospital, but instead he died due to heart problems. Mr. Murphy was an employee of FedEx from September 5, 2006, until his death two days later.

20. On or about September 11, 2006, Mr. Karnes said that he had good news for Mrs. Murphy, as she would not have to reapply to work. He asked when she was coming back to work, and she said that she thought that she needed another 30 days. He said that was not a problem, and he would send her the bid sheet for October. He also asked her to turn in her logs from before her husband died, and she did so.

21. During the week of September 11, 2006, Mrs. Murphy received her FedEx

health insurance card from Aetna. She also received a letter sent on September 9, 2006, from Vanguard to her as an employee of FedEx. The letter described her options for rolling over her Watkins Incentive Savings Plan to the FedEx Retirement Savings Plan.

22. On September 15, 2006, Mr. Karnes told Mrs. Murphy that FedEx HR had decided that it would be best to "separate" her from the company, effective September 12, 2006. Mrs. Murphy was an employee of FedEx from September 5, 2006, until FedEx fired her on or about September 12, 2006.

23. FedEx fired Mrs. Murphy because she was on FMLA leave and because she had requested additional FMLA leave.

24. After her husband's death, Mrs. Murphy received a death benefit of $95,000 and a dependent death benefit of $45,000, which were the amounts from their life insurance through their prior employer, Watkins. Those amounts should have been much higher, as Mr. and Mrs. Murphy each had increased their supplemental life insurance coverage from $80,000 to $200,000 for employee coverage and from $40,000 to $100,000 for spouse coverage effective September 5, 2006, when they became employees of FedEx.

25. Plaintiff has exhausted the claims and appeal procedures under Fedex's ERISA plan for life insurance benefits.

## COUNT I - FMLA CLAIMS

26. Plaintiff incorporates and realleges paragraphs 1 through 25 as if fully set forth here.

27. FedEx violated Section 105(a)(1) of the FMLA, 29 U.S.C. § 2615(a)(1), by firing Plaintiff because she was on FMLA leave.

28. FedEx violated Section 105(a)(1) of the FMLA, 29 U.S.C. § 2615(a)(1),

by firing Plaintiff because she had requested additional FMLA leave.

29.     FedEx's violations of the FMLA were willful.

## COUNT II - ERISA CLAIMS

30.     Plaintiff incorporates and realleges paragraphs 1 through 25 as if fully set forth here.

31.     FedEx violated ERISA by failing to pay to Plaintiff the full amounts of life insurance benefits due her on the death of her husband.  The amounts should have been much higher, as Plaintiff and her husband each had increased their supplemental life insurance coverage from $80,000 to $200,000 for employee coverage and from $40,000 to $100,000 for spouse coverage effective September 5, 2006, when they became employees of FedEx.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants as follows:

A.      Declaring that the acts complained of here are in violation of Plaintiff's rights under the FMLA and ERISA.

B.      Granting a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any conduct that violates Plaintiff's rights under the FMLA and ERISA.

C.      Ordering Defendants to make whole Plaintiff under the FMLA by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, liquidated damages, and reinstatement with full benefits.

D.      Ordering Defendant to make whole Plaintiff under ERISA by providing appropriate life insurance benefits, in amounts to be determined at trial.

E.      Awarding Plaintiff her attorneys' fees and costs incurred in this action.

  F. Granting such further relief as the Court deems necessary and proper in the public interest.

JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

            Respectfully submitted,

            /s/ Mary Anne Sedey

            _____
            MARY ANNE SEDEY #5124
            ROBERT G. JOHNSON #10511

            SEDEY HARPER P.C.
            2711 Clifton Avenue
            St. Louis, MO 63139
            314-773-3566
            314-773-3615 (fax)
            msedey@sedeyharper.com
            rjohnson@sedeyharper.com