UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN A. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:07-CV-01247-JCH |
| | ) |
| FEDEX NATIONAL LTL, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant FedEx National LTL, Inc. ("FedEx") hereby responds to and answers the Second Amended Complaint of Plaintiff Susan Murphy ("Plaintiff" or "Murphy") as follows:

**FIRST DEFENSE**

The Second Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

All claims in the Second Amended Complaint which did not accrue within the time frame prescribed by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, *et seq.*, or any other applicable limitations period, are barred.

**THIRD DEFENSE**

FedEx hereby responds to the allegations of the Second Amended Complaint and states as follows:

1. With respect to Paragraph Nos. 1, 2 and 3 of the Second Amended Complaint, FedEx acknowledges that Murphy is alleging jurisdiction and venue within the United States District Court for the Eastern District of Missouri, Eastern Division, but denies that FedEx committed any violation of Plaintiff's legal rights or that FedEx was ever Plaintiff's employer.

2. With respect to Paragraph Nos. 4, 14, 15, and 20 of the Second Amended Complaint, FedEx states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and, therefore, denies those allegations.

3. FedEx denies the allegations in Paragraph Nos. 5, 6 and 8 of the Second Amended Complaint.

4. FedEx admits the allegations in Paragraph Nos. 7, 9, 10 and 24 of the Second Amended Complaint, but denies that it committed any violation of Plaintiff's legal rights.

5. With respect to Paragraph No. 11 of the Second Amended Complaint, FedEx denies it was ever Plaintiff's or her husband's employer.

6. With respect to Paragraph No. 12 of the Second Amended Complaint, FedEx admits only that it accepted applications and drug tests for employment from employees of Watkins, including Plaintiff and her husband.

7. With respect to Paragraph No. 13 of the Second Amended Complaint, FedEx admits only that applicants and potential applicants to FedEx were provided benefit-related information and enrollment information.

8. With respect to Paragraph No. 16 of the Second Amended Complaint, FedEx admits on or about September 4, 2006, that it completed its purchase of substantially all of the assets of Watkins, but denies that FedEx ever employed Plaintiff or her husband or committed any violation of Plaintiff's legal rights.

9. With respect to Paragraph Nos. 17 and 19 of the Second Amended Complaint, FedEx admits Plaintiff engaged in discussions with Mr. Karnes regarding benefits, employment status and documents associated with Watkins. FedEx denies the remaining allegations in Paragraph Nos. 17 and 19 of the Second Amended Complaint.

10. With respect to Paragraph No. 18 of the Second Amended Complaint, FedEx states that it is without knowledge or information sufficient to form a belief as to the truth as to Plaintiff's allegations in the first sentence of Paragraph No. 18, and therefore denies those allegations, and denies the remaining allegations in Paragraph No. 18 of the Second Amended Complaint.

11. FedEx denies Paragraph Nos. 21, 22, 26, 27, 28, 30, and the WHEREFORE paragraph, including sub-parts A. through, and including, F., following Paragraph No. 30 of the Second Amended Complaint.

12. With respect to Paragraph No. 23 of the Second Amended Complaint, FedEx states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the receipt of death benefits from Watkins, and, therefore, denies those allegations. FedEx denies the remaining allegations in Paragraph No. 23 of the Second Amended Complaint.

13. With respect to Paragraph Nos. 25 and 29 of the Second Amended Complaint, FedEx realleges and incorporates by reference its responses to Paragraph Nos. 1 - 24 of the Second Amended Complaint, as if set forth fully herein.

14. FedEx denies that Plaintiff is entitled to a jury trial on her ERISA claim and requests that Plaintiff's request for a jury trial on the ERISA claim be stricken.

15. FedEx denies all allegations, other than those specifically admitted herein, contained within Plaintiff's Second Amended Complaint.

**FOURTH DEFENSE**

FedEx states that there were legitimate, nondiscriminatory reasons for its actions which were not pretextual and that it has not violated ERISA, the FMLA, or any provision thereof, or any other constitutional or statutory provision under which the alleged causes of action are or could be brought and has neither taken, nor ratified any action with discriminatory or retaliatory purpose or intent, but rather has acted in good faith, and FedEx has not authorized any action prohibited by law, has not committed any unlawful employment practice and FedEx's actions were based upon good cause, were the result of reasonable factors necessary for business functions and would have been taken regardless of any discrimination.

**FIFTH DEFENSE**

FedEx had reasonable grounds for believing that any acts or omissions were not in violation of the FMLA, and has relied in good faith conformance or reliance on written administrative regulations, orders, rulings, or approvals or interpretations by the administrator of the Wage and Hour Division, Department of Labor or an administrative practice or enforcement policy of such agency.

**SIXTH DEFENSE**

To the extent that Murphy is found to have been employed by FedEx, which Defendant denies, but failed to comply with FedEx's policies and directions with regard to obtaining a leave of absence, including but not limited to failing to put FedEx on notice that she or a member of her family suffered from a condition might qualify as a "serious health condition" under the FMLA, her claims are barred.

**SEVENTH DEFENSE**

To the extent that Murphy is found to have been employed by FedEx, which Defendant denies, and failed to comply with FedEx's policies and directions with regard to obtaining a leave of absence, including but not limited to failing to put FedEx on notice that she or a member of her family suffered from a condition that might have entitled her to protected leave under the FMLA, her claims are barred.

**EIGHTH DEFENSE**

Murphy has the duty to mitigate alleged losses, her entitlement to recovery for which is expressly denied; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits regardless of form received by Murphy or which were earnable or receivable with the exercise of reasonable diligence by Murphy.

**NINTH DEFENSE**

Murphy is not entitled to liquidated, compensatory or punitive damages under the FMLA or ERISA.

**TENTH DEFENSE**

Murphy was neither a participant nor beneficiary as defined by ERISA in the life insurance plan sponsored by FedEx, and therefore, lacks standing under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to bring her ERISA claim.

**ELEVENTH DEFENSE**

FedEx is not the proper defendant under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), with regard to Murphy's ERISA claim.

## TWELFTH DEFENSE

With regard to Murphy's claim for benefits, FedEx at all times acted in accordance with the terms of the life insurance plan and did not abuse the discretionary authority to determine eligibility for benefits and to interpret plan provisions as reserved for the plan administrator under the terms of the plan.

## THIRTEENTH DEFENSE

The determination as to Plaintiff's entitlement to benefits are not arbitrary and capricious.

WHEREFORE, Defendant FedEx National LTL, Inc., prays that the Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of FedEx and against Murphy, and that FedEx recover its costs and reasonable attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

GALLOP, JOHNSON & NEUMAN, L.C.


By: */s/  Elisa B. Gilbert*
Elisa B. Gilbert, Local Counsel, No. 545521
101 S. Hanley Road, Suite 1700
St. Louis, Missouri 63105
314-615-6000
314-615-6001 (facsimile)
E-mail:  ebgilbert@gjn.com

and

William E. Grob, Lead Attorney *(Pro Hac Vice)*
FORD & HARRISON
101 East Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133
813-261-7800
813-261-7899 (fax)
E-mail:  wgrob@fordharrison.com

*Attorneys for FedEx National LTL, Inc.*

- 7 -

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed this <u>*1st*</u> day of October 2007, and a copy of same was electronically transmitted via the Court's electronic noticing system, and forwarded regular U.S. mail (postage pre-paid), to:

Mary Anne Sedey
Robert G. Johnson
Sedey Harper P.C.
2711 Clifton Avenue
St. Louis, MO  63139


           <u>*/s/ Elisa B. Gilbert*</u>