UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN A. MURPHY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01247 JCH |
| ) | |
| FEDEX NATIONAL LTL, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Susan A. Murphy's Motion *in Limine*, filed November 21, 2008 (Doc. No. 65),[1] wherein Plaintiff asks this Court to exclude from trial in this case "[p]arol or extrinsic evidence offered by Defendant to interpret or supplement the written contracts of employment it made with Mrs. Murphy and her husband on August 2, 2006, which are clear and complete on their face."[2] Also before this Court is Defendant's Motion *in Limine* to Exclude Evidence Related to Documents Received by Plaintiff from Third Parties, filed on November 21, 2008 (Doc. No. 57). These matters are fully briefed and ready for disposition.

In its Opposition to Plaintiff's Motion *in Limine*, FedEx National LTL., Inc. ("FedEx") refers this Court to North American Savings Bank v. Resolution Trust Corporation for the proposition that "[t]he purpose of the parole evidence rule is to preserve the sanctity of a written agreement that is

---

[1]Plaintiff's Motion *in Limine* also raised two other issues, which were addressed by this Court during the December 1, 2008 conference call.

[2]Plaintiff's reference to "the written contracts of employment" appear to refer to the August 1, 2006 offer letters prepared by Lori Henry, Managing Director, Human Resources for FedEx Freight, to Susan and Paul Murphy. (Doc. Nos. 66-2, 66-3). On or around August 2, 2006, Susan and Paul Murphy signed these offer letters which provide, "I accept the position and its terms as outlined in this letter and my application for employment." (Id.)

fully integrated." Defendant's Memorandum in Opposition to Plaintiff's Motion *in Limine* ("Memorandum"), p. 1 (citing North American Savings Bank, 65 F.3d 111, 114 (8th Cir. 1995)). Defendant argues that "it is clear on the face of the document, and from the existence of more lengthy and complete agreements, that FedEx's offer letter to Plaintiff was not an integrated contract, [and] the parol evidence rule does not apply." (Memorandum, p. 2). In North American Savings Bank, however, "all of the documents were executed at the same time," were executed by the same parties and refer to "being a part of" the other documents. 65 F.3d at 115. The Eighth Circuit concluded that all of those documents served as the complete expression of the parties' agreement. Id.

Here, the Asset Purchase Agreement (the purportedly more lengthy and complete agreement) was executed at a time that differed from the date that the offers of employment made by FedEx to the Murphys were accepted. Moreover, the Asset Purchase Agreement and the offer of employment letters were not executed by the same parties. The offer letters provide an unambiguous offer of employment to the Murphys, which are complete on their face.[3]

Further, the offer letters are completely integrated documents that do not incorporate the terms of any other document, including the Asset Purchase Agreement between Watkins Motor Lines and FedEx. Although Defendant asserts that "[i]t is undisputed that the Asset Purchase Agreement governed the transfer of Watkins employees who were on leave at the time of the asset purchase closing" (Memorandum, p. 3), the offer letters' refer to the Asset Purchase Agreement solely to identify effective date of employment (the closing date of the transaction contemplated by the Asset Purchase Agreement). Thus, the offer letters do not incorporate the terms of the Asset Purchase Agreement but, rather, constitute fully integrated agreements between FedEx and the Murphys. If

---

[3]The letter provides "[y]ou must accept or decline the position within 5 business days after receipt of [this] letter by returning this letter and any pre-hire paperwork required by FedEx National LTL." (Doc. Nos. 66-2, 66-3).

FedEx had intended to incorporate the terms of the Asset Purchase Agreement, it easily could have done so. Therefore, the Court need not look outside the terms contained in FedEx's offers of employment to the Murphys. The extrinsic evidence related to whether Plaintiff was an employee of Watkins Motor Lines or FedEx is, thus, barred by the parol evidence rule.

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* (Doc. No. 65) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion *in Limine* to Exclude Evidence Related to Documents Received by Plaintiff from Third Parties (Doc. No. 57) is **GRANTED**.

Dated this 2nd day of December, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE