UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN A. MURPHY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01247 JCH |
| ) | |
| FEDEX NATIONAL LTL, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Susan A. Murphy's Motion for Award of Attorneys' Fees and Expenses (Doc. No. 99) and Calculation of Prejudgment Interest and Liquidated Damages (Doc. No. 101), filed June 1, 2009. Defendant has not filed an opposition to Plaintiff's Calculation of Prejudgment Interest and Liquidated Damages. Plaintiff's Motion for Award of Attorneys' Fees and Expenses ("Motion") has been fully briefed and is ready for disposition.

## **LEGAL STANDARD**

"Litigants may recover attorneys' fees if specifically authorized by contract or statute." Van Vosdingh v. Qwest Dex, Inc., No. 03-4284, 2005 U.S. Dist. LEXIS 20519, at *4 (D. Minn. Sept. 19, 2005) (internal citation omitted). The Family and Medical Leave Act (FMLA) provides that a successful plaintiff is allowed "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

A district court has "broad discretion" in determining the amount of an attorneys' fee award. Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The trial court is considered an expert in the reasonableness of attorneys' fees. Trim Fit, LLC v. Dickey, No. 4:06-CV-49, 2008 U.S. Dist. LEXIS

101091, at *19 (E.D. Mo. Nov. 6, 2008); American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo. Ct. App. 1987).

## **DISCUSSION**

I.    ATTORNEYS' FEES

The lodestar analysis is determined "by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." Keslar v. Bartu, 201 F.3d 1016, 1017-1018 (8th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)); Forshee v. Waterloo Indus., 178 F.3d 527, 532 (8th Cir. 1999). The district court may, in its discretion, exclude hours not reasonably spent on the case from the lodestar calculation. Keslar, 201 F.3d at 1018.

    A.    Prevailing Party and Interrelatedness of Claims

Initially, the Court notes that both parties were successful on one of Plaintiff's two claims. The jury determined the FMLA claim in favor of Plaintiff. The jury awarded Plaintiff $70,000 in back pay award. The jury also found that Defendant had not acted in good faith when it denied Plaintiff FMLA benefits and terminated her employment and, thus, Plaintiff was statutorily entitled to double that amount. Thus, Plaintiff was the prevailing party with respect to her FMLA claim, including back pay and liquidated damages. This Court, however, held in favor of Defendant on Plaintiff's Employment Retirement Income Security Act (ERISA) claim. This Court also determined that Plaintiff failed to provide sufficient evidence of her entitlement to a front pay award or reinstatement with Defendant.

Accordingly, this Court must deny Plaintiff fees for billed hours devoted to her ERISA claim, but must also consider whether work performed on the failed ERISA claim was interrelated to work performed on the successful FMLA claim. See Burks v. Siemens Energy & Automation, Inc., 215

F.3d 880, 883 (8th Cir. 2000) (in determining a fee award, the trial court must consider the interrelatedness of the various claims where some claims were successful and some were not). Plaintiff argues that although she did not prevail on the ERISA claim, this loss should not warrant a significant reduction in her fee award because of the interrelatedness of the claims. Plaintiff proposes a fifteen (15) percent reduction in her attorneys' fees award. (Plaintiff's Memorandum in Support of her Motion for an Award of Attorneys' Fees and Expenses ("Memorandum in Support"), Doc. No. 100, pp. 5, 12). Plaintiff claims that "[t]ime expended on the unsuccessful ERISA claim ... was also time expended on the successful FMLA claim." (Memorandum in Support, p. 4). Plaintiff claims that the primary legal and factual question in both claims was whether Plaintiff became an employee of FedEx upon its acquisition of Watkins Motor Lines. (Id.). Plaintiff's counsel claims that "less than 5% of Plaintiff's attorneys' discovery time was devoted solely to the ERISA claim." (Memorandum in Support, p. 5 (citing Johnson Affidavit, ¶ 16)).

The Court finds that the FMLA claim (on which Plaintiff prevailed) and the ERISA claim (on which Plaintiff did not prevail) were not so interrelated as to preclude a reduction in fees. See Hensley, 461 U.S. at 435 (where the plaintiff's various claims involve a common core of facts or related legal issues, such that much of the attorney's time is devoted generally to the litigation as a whole, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."). This Court recognizes that under both the FMLA and the ERISA claims Plaintiff had to prove that she became a FedEx employee to prevail and, therefore, much of the discovery was duplicative. For the ERISA claim, Plaintiff, however, also had to prove that she satisfied all of the criteria under the policy to prevail on her claim. In fact, this Court decided the issue of Plaintiff's ERISA claim assuming that Plaintiff was an

employee of FedEx. Plaintiff's discovery on the ERISA claim, therefore, must have included issues other than merely whether Plaintiff was an employee of Defendant.

In addition, the Court must evaluate Plaintiff's success on her FMLA claim. "In evaluating the reasonableness of the attorneys' fees, the most important factor is the magnitude of Plaintiffs' success in the case as a whole." Vosdingh v. Qwest Dex, Inc., No. 03-4284, 2005 U.S. Dist. LEXIS 20519, at *7 (D. Minn. Sept. 19, 2005) (citing Hensley, 461 U.S. at 436). Here, Plaintiff's counsel had mixed results, even on the FMLA claim. Plaintiff's counsel successfully obtained a back pay award and liquidated damages for their client. Plaintiff's counsel, however, failed to provide adequate support for a front pay award or reinstatement. The Court must consider Plaintiff's counsel's inability to obtain any prospective relief on Plaintiff's FMLA claim when fashioning the attorneys' fee award.

Defendant requests a fifty (50) percent reduction in Plaintiff's fee proposal.[1] (Defendant's Memorandum in Opposition to Plaintiff's Motion for Award of Attorneys' Fees ("Response"), Doc. No. 103, p. 3).[2] Given the circumstances outlined herein, the Court finds that a reduction of greater than 15% is warranted. The Court finds that a twenty-five (25) percent reduction in Plaintiff's fee proposal is appropriate. See Hensley, 461 U.S. at 436-37(upon finding a reduction for hours related to pursuing unsuccessful claims is warranted, the court "may attempt to identify specific hours that

---

[1] Defendant asserts, for instance, that Robert Johnson's time entries from July 24, 2008 through August 21, 2008 relate to his preparation of Plaintiff's Response to Defendant's Statement of Facts and Supplemental Statement of Facts. (Response, p. 4, n. 3). Defendant points out that, although the Statement of Facts related to both the ERISA and FMLA claims, Johnson recorded all of his entries for the Statement of Facts as "FMLA" matters.
    This Court notes that Defendant's Motion for Summary Judgment for both the FMLA and the ERISA claims was based solely upon whether Plaintiff and her husband became employees of Defendant. Thus, the vast majority of the work for responding to Defendant's Statement of Facts would have been the same for both the FMLA and ERISA claims. A 50 percent reduction (as proposed by Defendant) would be improper.

[2] When referencing Defendant's Response, the Court utilizes the pagination from CM/ECF (which includes the cover page of Defendant's Response).

- 4 -

should be eliminated, or it may simply reduce the award to account for the limited success[, and] the court necessarily has discretion in making this equitable judgment"); Burks, 215 F.3d at 883 (an attorneys' fee award of 25% of that which was requested was reasonable given the "relative interrelatedness of the various claims, the lack of specificity in the billing statements, and the degree of success achieved on the claims on which [plaintiffs] prevailed"); Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 905 (9th Cir. 1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success")(applying Hensley, 461 U.S. at 440).[3]

B.  Hourly Rate

The lodestar approach for an attorneys' fee award utilizes a "reasonable hourly rate" multiplied by the number of hours reasonably spent on the litigation. Hensley, 461 U.S. at 434. Defendant asserts that $400/hour, the rate requested by Plaintiff's main counsel, Donna Harper and Robert Johnson, is unreasonable because Johnson and Harper were both attorneys with the EEOC before recently joining Sedey Harper, P.C. (Response, pp. 6-7).[4]

Although Defendant asserts that the hourly rate requested by Plaintiff's counsel is excessive (Response, pp. 8-10), Plaintiff's counsel has provided affidavits from several, prominent plaintiffs' attorneys in the St. Louis area to support their claim. Further, the 50 years of experience that Plaintiff's counsel have with other employment discrimination statutes while working at the EEOC cannot be dismissed as irrelevant.

---

[3]As noted later in this Opinion, the 25% reduction takes into account other deficiencies in Plaintiff's attorneys' fee request, including improper documentation and duplicate efforts.

[4]The EEOC does not have jurisdiction to enforce the FMLA. See Russo v. Jefferson Parish Water Dep't, No. 96-2134, 1998 US Dist. LEXIS 444, at *10 (E.D. La. Jan 16, 1998).

C. Number of Hours

1. Partner Billing for "Associate" Work

Defendant asserts that Plaintiff seeks reimbursement for "associate" level work performed by partners at Sedey Harper P.C. (Response, p. 10).[5] Plaintiff, however, notes that Sedey Harper PC does not have any associates to perform such associate level work. (Plaintiff's Reply to Defendant's Response to Her Motion For Attorney's Fees and Expenses ("Reply"), p. 4-5). Accordingly, the Court will not reduce Plaintiff's attorneys' fees award on this basis.

2. Hours

a. Inadequate Documentation and Block Billing

Defendant argues that Plaintiff's hours should be reduced because of inadequate documentation and block billing. (Response, pp. 11-13). Defendant criticizes Plaintiff's billing because the descriptions do not provide any information regarding what specific issues were being worked on by Plaintiff's counsel. For example, Plaintiff's counsel provides billing descriptions such as "facts," "research," and "exhibits" to support their attorneys' fee award.

Plaintiff's counsel's billing descriptions are inadequate. The Court finds, however, that twenty-five percent reduction of Plaintiff's attorneys' fee already provided for by this Court adequately adjusts the attorneys' fee award to compensate for Plaintiff's counsel's insufficient block billing.

b. Duplicate Hours

Defendant complains that attorneys John Lynn and Donna Harper performed duplicate tasks to those performed by lead attorney Robert Johnson. (Response, pp. 13-14). See Wal-Mart Stores,

---

[5]Defendant describes "associate-level tasks" as "research of unidentified topics, file review, initial drafts of motions and pleadings, drafting and responding to discovery and preparation of exhibit lists." (Response, p. 11).

Inc. v. Barton, 223 F.3d 770, 772-74 (8th Cir. 2000) (fees will not be awarded for unnecessary or excessive hours billed by plaintiff's counsel). Defendant primarily complains that "[e]ven a cursory review of counsel's contemporaneous time records reveals that Attorney Johnson spent a significant amount of time in conference with Attorneys Sedey, Harper and Lynn." (Response, p. 14). Initially, no where in the time entries of Plaintiff's counsel do they use the term "conference." This Court cannot assume that time was spent in conference simply because counsel were working during the same time period. To the extent that any extraordinary time was spent by Plaintiff's counsel in conference or in duplicating efforts, the Court finds that the twenty-five percent reduction adequately tempers Plaintiff's attorney fee award.

          c.        Hours Billed for Mary Ann Sedey

Plaintiff seeks attorneys' fees for 4.2 hours of time spent by Mary Ann Sedey. 3.6 of those hours appear to be the initial meeting with Plaintiff and review of the case to determine whether to accept Mrs. Murphy as a client. See Doc. No. 100-2, p. 18. For example, one time record indicates that Sedey billed for time spent talking to her "potential client." Id. Also, Sedey lists "insurance" on the entries for November 14-15, 2006. The Court assumes the "insurance" time entries are for time spent on the unsuccessful ERISA claim, which is not compensable. The Court finds that Plaintiff's counsel's initial, introductory time has no relevance to the outcome of the case and is not awarded.[6] Likewise, Plaintiff's counsel also seeks reimbursement for Sedey's telephone call with the client for .1 hours on May 2, 2007 and for Sedey to "read" (not analyze) this Court's summary judgment decision for .5 hours on October 8, 2008. Because it does not appear that Sedey performed any legal

---

[6]Notably, lead attorney Robert Johnson began working on this case on May 1, 2007. (Doc. No. 100-2, p. 11), but Sedey seeks payment for 3.6 hours expended from October 6, 2006 through November 15, 2006. (Doc. No. 100-2, p. 18). The Court finds that these hours were preliminary meetings and discussions that should not be compensable.

work related to this case, these time entries are likewise not compensable. This Court denies Plaintiff's counsel's request for Sedey's 4.2 hours.

C.  Conclusion

The Court awards Plaintiff her attorneys' fees subject to a twenty-five percent deduction. This deduction is taken from the original hours submitted to the court.[7] In addition, the Court will deduct all hours expended by Mary Anne Sedey in accordance with this Order.

| Attorney/Legal Assistant | Hours | Hours After 25% Deduction | Total[8] |
|---|---|---|---|
| Robert Johnson | 520.6 | 390.35 | $156,140 |
| Donna Harper | 148.0 | 111.0 | $44,400.00 |
| John Lynn | 245.4 | 184.05 | $64,417.50 |
| Marsha Roth | 68.6 | 51.45 | $5,145.00 |
| | | TOTAL FEE AWARD: | $270,102.50 |

II.  COSTS

Both parties argue that they are entitled to a cost award. Defendant argues that it is entitled to a cost award of $9,750.20 because of its success on Plaintiff's ERISA claim, which was potentially worth $404,000 in life insurance proceeds. (Response, p. 16; Defendant's Verified Itemized Bill of Costs, Doc. No. 103-3). Plaintiff, in turn, argues that she is entitled to all of her costs ($7,4685) because she prevailed on her FMLA claim and that few, if any, of those costs relate to the ERISA claim. (Reply, pp. 7-8). Further, Plaintiff believes that awarding Defendant costs or reducing her costs would effectively penalize her for bringing a nonfrivolous ERISA claim.

---

[7] This deduction is not in addition to the 15% deduction already performed by Plaintiff's counsel.

[8] The total is based upon the following hourly rates: Robert Johnson-$400, Donna Harper-$400, John Lynn-$350 and Marsha Roth-$100. See Memorandum in Support, p. 13.

"[T]he district court has substantial discretion in awarding costs to a prevailing party." Greaser v. Department of Corrections, 145 F.3d 979, 985 (8th Cir. 1998). "Reasons for reducing or denying an award of costs include a nominal victory by the prevailing party, and a disproportionate relationship between the taxable costs of the litigation and the result achieved." Hall v. Hormel Foods Corp., No. 8:98CV304, 2000 U.S. Dist. LEXIS 22935, at *2-3 (D. Neb. July 10, 2000).

This Court will exercise its discretion and reduce Plaintiff's costs recovery by twenty-five percent. Both parties have meritorious arguments for why each is entitled to some costs. Both parties, however, have requested several objectionable expenditures.[9] See 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) ("[F]ederal courts are bound by the limitations set out in section 1920.") (citations omitted).

This Court finds that the majority of the costs incurred by both parties relate to the FMLA claim. See, e.g., Defendant's Bill of Costs, Doc. No. 100-3, p. 3 (seeking reimbursement for the court reporter fees for the depositions of Dr. Nelida Sjak-Shie and Dr. Shiv Patel and for service on Dr. Nelida Sjak). Ultimately, the Court decided the ERISA issue solely based upon the language of the Policy. As a result, the costs incurred by Defendant to succeed on the ERISA claim should have

---

[9] For example, Defendant submits as taxable costs its counsel's travel costs and mediation costs. (Doc. No. 103-3, pp. 4, 45-47). The cost of mediation and travel are not taxable under 28 U.S.C. §1920. See, e.g., Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. Mo. 2002) ("district court abused its discretion in taxing the mediator's fee"); Johnson v. Bergh, No. 4:06CV605, 2009 U.S. Dist. LEXIS 309, at *3 (E.D. Mo. Jan. 6, 2009) ("[m]ediation costs are not taxable"); Veliz v. City of Minneapolis, No. 07-2376, 2009 U.S. Dist. LEXIS 14747, at *8-9 (D. Minn. Feb. 25, 2009) (noting that attorney travel and lodging costs are absent from Section 1920 and declining to tax travel and lodging costs); Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1065 (S.D. Iowa 2008) (citing cases) (finding that "attorney travel expenses are not authorized by § 1920 and, therefore, disallow[ing] the asserted expense as a taxable cost"). Likewise, Defendant requests the cost of copies for its own files of documents filed with the Court. (Doc. No. 103-3, p. 29). File copies for a party are not taxable. See Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) ("plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court").

been minimal. The Court finds a twenty-five percent reduction on Plaintiff's requested cost award to be reasonable.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Expenses is hereby **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY ORDERED** that Plaintiff is awarded $ 270,102.50 in Attorneys' Fees.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $ 5,763.90. Defendant's request for costs is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Calculation of Prejudgment Interest and Liquidated Damages (Doc. No. 101) is **GRANTED**. Plaintiff is awarded prejudgment interest in the amount of $ 7,717.15 and liquidated damages in the amount of $ 77,717.15.

Dated this 2nd day of July, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE