UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN A. MURPHY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01247 JCH |
| ) | |
| FEDEX NATIONAL LTL, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Verified Supplemental Motion for Attorneys' Fees ("Supplemental Motion") (Doc. No. 118), filed September 21, 2009. Defendant has not filed an opposition to Plaintiff's Motion.

## LEGAL STANDARD

"Litigants may recover attorneys' fees if specifically authorized by contract or statute." Van Vosdingh v. Qwest Dex, Inc., No. 03-4284, 2005 U.S. Dist. LEXIS 20519, at *4 (D. Minn. Sept. 19, 2005) (internal citation omitted). The Family and Medical Leave Act (FMLA) provides that a successful plaintiff is allowed "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

A district court has "broad discretion" in determining the amount of an attorneys' fee award. Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The trial court is considered an expert in the reasonableness of attorneys' fees. Trim Fit, LLC v. Dickey, No. 4:06-CV-49, 2008 U.S. Dist. LEXIS 101091, at *19 (E.D. Mo. Nov. 6, 2008); American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo. Ct. App. 1987).

## DISCUSSION

The Court incorporates herein by reference the factual and legal background from its July 2, 2009 Order (Doc. No. 107). In that Order, the Court awarded Plaintiff attorneys' fees in the amount of $207,102.50 for hours expended from the inception of the case through May 11, 2009.

In her Motion, Plaintiff seeks payment for 81.5 additional hours expended on this litigation since this May 11, 2009. During that time, Plaintiff's counsel worked on their initial request for attorneys' fees and the response to Defendants' Motion for Judgment as a Matter of Law. In support of her Supplemental Motion, Plaintiff attaches two spreadsheets outlining the hours spent by Plaintiff's counsel since May 11, 2009. Plaintiff's counsel seeks an additional $29,840.00 in attorneys' fees.

In the July 2, 2009 Order, this Court reduced Plaintiff requested attorneys' fee award by 25% to reflect the amount of time Plaintiff's counsel spent on her unsuccessful ERISA claims. The hours at issue in Plaintiff's Supplemental Motion do not include any hours related to her ERISA claim. Therefore, no fee reduction on this basis is necessary.

In addition, the Court also held in its July 2, 2009 Order that Plaintiff's counsel's insufficient time descriptions warranted a 25% reduction in the fee award. In the Supplemental Motion, however, Plaintiff's counsel provides greater detail in their time entry descriptions. Accordingly, the Court will not reduce Plaintiff's counsel's award on that basis.

The Court, however, finds that Plaintiff's counsel's requested fees in the Supplemental Memorandum is excessive. For example, Robert Johnson spent 16.4 hours and John D. Lynn spent 21.9 hours briefing their Motion for Attorneys' Fees. The Court finds that a 15% reduction in their fee award is warranted. Plaintiff's counsel requested an award of $29,840.00. The Court awards Plaintiff's counsel $25,364.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Verified Supplemental Motion for Attorneys' Fees (Doc. No. 118) is hereby **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY ORDERED** that Plaintiff is awarded $25,364.00.

Dated this 29th day of January, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE